[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court has heard the evidence. The court finds the allegations of the complaint to be true. The court also accepts the stipulation of facts dated June 1, 1998 as on file to be true. The court has taken into consideration the American Bar Association's Standards for imposing lawyer sanctions. In particular, the court has considered 5.11, 5.12, 5.13, 9.2, 9.22 and 9.23 (all as cited in Statewide v. Glass, 46 Conn. App. 472
(1997).
It is clear from the evidence that on at least six occasions, Attorney O'Connor forged the signature of Diane Graf and falsely took her acknowledgment. They are as follows:
1. Exhibit #7 — Application dated June 13, 1994.
2. Inventory dated February 2, 1995.
3. Inventory dated March 11, 1995. CT Page 13795
 4. Administration account dated June 21, 1995, filed November 21, 1996.
 5. Administration account dated June 21, 1995, filed December 9, 1996.
6. Affidavit of closing dated October 2, 1996.
It is also clear that when confronted by the Probate Judge in a telephone call on December 9, 1996, as to whether or not that was Diane Graf's signature, not only did Attorney O'Connor say it was, but further embellished it by saying that Diane Graf had come to her office to sign the document. On December 9, 1996, Attorney O'Connor did not, at the Probate Court hearing. immediately indicate that she had communicated falsely to the judge, but it was only after discussions that it was revealed that Diane Graf had not signed any of the papers. Section 5.11 indicates that disbarment is generally appropriate when a lawyer engages in serious criminal conduct a necessary element of which includes intentional interference with the administration of justice, false swearing and misrepresentation.
The aggravating circumstances provided in 9.22 provide (b)
dishonest or selfish motive. (c) a pattern of misconduct, (d)
multiple offenses. Mitigating circumstances under 9.32 are: (a)
absence of a prior disciplinary record, (e) full and free disclosure to disciplinary board or cooperative attitude toward the proceedings, (g) character or reputation. This court has considered. these factors.
The fundamental basis on which the law and the courts operate is truth. We begin the testimony of every witness by swearing the witness to tell the truth,. the whole truth, and nothing but the truth so help us God. In this case, this lawyer has on the occasions listed above directly lied. When the false acknowledgment was taken it not only says subscribed and sworn to, but says before me, so it is a two part test. Neither one of which were done. For a Commissioner of the Superior Court and practicing attorney to have committed those offenses for a period of time of over two years the court cannot find that this is an aberration.
The court rejects after due consideration the proposal of the respondent for pro bono legal representation. The court finds that would frustrate the court's rule of safeguarding the CT Page 13796 administration of justice and frustrate the concept of protecting the public from the misconduct or unfitness of the respondent.
Accordingly, the court suspends the respondent from the practice of law for five months effective immediately pursuant to Practice Book § 247. The court appoints Attorney Alan Doran of 700 Canal Street, Stamford, Connecticut to protect the interests of her clients pursuant to Practice Book § 2-64.
So Ordered.
KARAZIN, J.